1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

8  VALLIER WILLIAM TOMPKINS,                    Case No. 3:16-cv-00444-MMD-WGC

9                          Petitioner,                        ORDER

10        v.

11  WARDEN BACA, *et al.*,

12                          Respondents.

13

14        This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254,

15  by Vallier William Tompkins, a Nevada prisoner. On July 26, 2016, Tompkins initiated

16  this action by filing an application to proceed *in forma pauperis* (ECF No. 1), along with

17  his habeas corpus petition (attached to the application to proceed *in forma pauperis*),

18  and a motion for appointment of counsel (also attached to the application to proceed *in*

19  *forma pauperis*).

20        The financial information provided with Tompkins' application to proceed *in forma*

21  *pauperis* indicates that he is unable to pay the filing fee for this action. Therefore, the

22  application to proceed *in forma pauperis* will be granted, and Tompkins will not be

23  required to pay the filing fee.

24        The Court has reviewed Tompkins' habeas petition, pursuant to Rule 4 of the

25  Rules Governing Section 2254 Cases in the United States District Courts, and

26  determines that it merits service upon the respondents. Respondents will not be

27  required to respond to the petition at this time, however, as the Court anticipates that,

28  with counsel, Tompkins will likely file an amended petition.

The Court will grant Tompkins' motion for appointment of counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. It appears that there may be statute of limitations issues to be addressed at the outset of this case, and it appears that Tompkins may not be able to adequately litigate those issues without counsel. Therefore, the Court finds that appointment of counsel is in the interests of justice.

It is therefore ordered that petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted. Petitioner is granted leave to proceed *in forma pauperis*. Petitioner will not be required to pay the filing fee for this action.

It is further ordered that the Clerk of the Court separately file the petition for writ of habeas corpus, and the motion for appointment of counsel, both of which are currently attached to the *in forma pauperis* application, at ECF No. 1.

It is further ordered that the Clerk of the Court add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk of the Court electronically serve upon respondents a copy of the petition for writ of habeas corpus, and a copy of this order.

It is further ordered that respondents will have twenty (20) days from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

It is further ordered that petitioner's Motion for Appointment of Counsel is granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case,

1    counsel will represent the petitioner in all federal-court proceedings relating to this

2    matter, unless allowed to withdraw.

3       It is further ordered that the Clerk of the Court electronically serve upon the FPD

4    a copy of this order, together with a copy of the petition for writ of habeas corpus.

5       It is further ordered that the FPD will have twenty (20) days from the date of entry

6    of this order to file a notice of appearance, or to indicate to the Court its inability to

7    represent the petitioner in this case.

8       It is further ordered that the Court will establish a schedule for further

9    proceedings after counsel appear for the petitioner and the respondents.

10       DATED THIS 27th day of July 2016.

11

12                                 _____

13                                 MIRANDA M. DU
                                   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28