UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VALLIER WILLIAM TOMPKINS,

          Petitioner,

v.

WARDEN BACA, *et al.*,

          Respondents.

Case No. 3:16-cv-00444-MMD-WGC

ORDER

In this habeas corpus action, the petitioner, Vallier William Tompkins, filed a second amended habeas petition on June 19, 2017. (ECF No. 21.) Respondents are to respond to the second amended petition by August 18, 2017. (*See* order entered September 20, 2016 (ECF No. 13) (60 days for response).)

Along with his second amended petition, Tompkins filed a filed a motion for leave to file certain exhibits under seal. (ECF No. 25.) In that motion, Tompkins requests leave of Court to file under seal copies of materials related to mental health evaluations (Exhibits 4, 5, 18 and 20), a presentence investigation report (Exhibit 27), and material regarding attorneys' fees, expert witness fees, and investigation costs filed under seal in state court (Exhibits 43, 49, 51, 53 and 72). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the Court has inherent power over its own records and files, and

access may be denied where the Court determines that the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179. Under Nevada law, a presentence investigation report is confidential, and is not to be made part of a public record. *See* NRS 176.156(5). All the documents Tompkins seeks to file under seal contain information regarding his mental health, and other private matters. In light of the state law, and in light of Tompkins' concerns regarding his privacy, the Court finds that there is good cause for these exhibits to be filed under seal.

Tompkins also filed a motion (ECF No. 27) requesting a waiver, for purposes of this case, of Local Rule IA 10-3(e), which requires, with respect to the filing of exhibits, that the cover sheet for each exhibit must include a descriptor of the exhibit. The Court finds that, in this habeas corpus action, in light of the number of exhibits petitioner has filed, there is good cause to waive the requirement that the cover sheet for each exhibit include a descriptor of the exhibit.

It is therefore ordered that petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 25) is granted. Petitioner is granted leave of Court to file his Exhibits Numbers 4, 5, 18, 20, 27, 43, 49, 51, 53 and 72 under seal. As those exhibits have already been filed under seal (ECF No. 26), no further action is necessary in this regard.

It is further ordered that petitioner's Motion to Partially Waive Local Rule IA 10-3(e) (ECF No. 27) is granted. For purposes of this habeas corpus action, with respect to exhibits filed by any party, the Court waives the requirement in Local Rule IA 10-3(e) that the cover sheet for each filed exhibit must include a descriptor of the exhibit.

DATED THIS 21st day of June 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE