UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALLIER WILLIAM TOMPKINS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BACA, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00444-MMD-WGC<br><br>ORDER |

**I.  INTRODUCTION**

In this habeas corpus action, brought by Nevada prisoner Vallier William Tompkins, the respondents have filed a motion to dismiss. The Court will grant that motion in part and deny it in part, as is explained below.

**II. BACKGROUND**

On July 3, 2012, Tompkins was charged by complaint, in a Reno justice court, with three counts of sexual assault, one count of battery with intent to commit sexual assault and one count of burglary. (*See* Criminal Complaint, Exh. 15 (ECF No. 22-15).) The justice court ordered a competency evaluation. (*See* Order for Competency Evaluations, Exh. 16 (ECF No. 22-16).) Two competency evaluation reports concluded that Tompkins was competent to stand trial, and the state district court made a finding to that effect. (*See* Competency Evaluation, Exh. 17 (ECF No. 22-17); Competency Evaluation, Exh. 19 (ECF No. 22-19); Order of Competency and Returning Matter to Justice Court, Exh. 21 (ECF No. 22-21).)  Tompkins waived the preliminary hearing. (*See* Waiver of Preliminary Examination, Exh. 24 (ECF No. 22-24).) On September 13,

2012, the State charged Tompkins by information with three counts of sexual assault. (*See* Information, Exh. 23 (ECF No. 22-23).) Tompkins was arraigned on September 20, 2012, and he pled guilty to each of the three sexual assault charges. (*See* Transcript of Arraignment, Exh. 25 (ECF No. 22-25); *see also* Guilty Plea Memorandum, Exh. 26 (ECF No. 22-26).) On October 25, 2012, the court sentenced Tompkins to three consecutive terms of ten years to life in prison (with the first term running concurrent with a sentence imposed in a separate case). (*See* Transcript of Sentencing, Exh. 30 (ECF No. 23-4).) The judgment of conviction was filed on October 30, 2012. (*See* Judgment, Exh. 31 (ECF No. 23-5).) Tompkins did not appeal from the judgment of conviction.

On July 11, 2013, Tompkins filed a petition for writ of habeas corpus in the state district court. (*See* Petition for Writ of Habeas Corpus, Exh. 39 (ECF No. 23-13).) The court appointed counsel for Tompkins. (*See* Order Granting *in Forma Pauperis* and Appointment of Counsel, Exh. 41 (ECF No. 23-15); Recommendation and Order for Appointment of Counsel, Exh. 42 (ECF No. 23-16).) On May 27, 2015, the state district court granted the State's motion to dismiss, and dismissed the petition, determining that the record showed each of Tompkins' claims to be meritless. (*See* Order Dismissing Petition for Writ of Habeas Corpus, Exh. 63 (ECF No. 24-19).) Tompkins appealed, and the Nevada Court of Appeals affirmed on February 17, 2016. (*See* Order of Affirmance, Exh. 77 (ECF No. 24-33).) The remittitur issued on March 15, 2016. (*See* Remittitur, Exh. 78 (ECF No. 24-34).)

This Court received a *pro se* petition for writ of habeas corpus from Tompkins, initiating this action, on July 26, 2016 (ECF No. 4). The Court appointed counsel, and, with counsel, Tompkins filed a first amended habeas petition on August 3, 2016. (*See* Order entered July 27, 2016 (ECF No. 3); First Amended Petition for Writ of Habeas Corpus (ECF No. 7).)

On June 19, 2017, Tompkins filed a second amended petition for writ of habeas corpus — now his operative petition — asserting the following claims:

Ground 1: "Tompkins' guilty plea was not entered into knowingly, intelligently, or voluntarily," in violation of his federal constitutional rights.

Ground 2: "Tompkins was denied his right to the effective assistance of counsel," in violation of his federal constitutional rights.

> Ground 2(1): "Trial counsel failed to advise Tompkins of his right to appeal."
>
> Ground 2(2): "Trial counsel failed to adequately investigate."
>
> Ground 2(3): "Trial counsel failed to explain the nature and consequences of the guilty plea to Tompkins."
>
> Ground 2(4): "Trial counsel had a conflict of interest in representing Tompkins."
>
> Ground 2(5): "Trial counsel failed to object to highly prejudicial victim impact evidence."

Ground 3: "Improper victim impact evidence was admitted against Tompkins at his sentencing hearing," in violation of his federal constitutional rights.

Ground 4: "The cumulative effect of the errors in this case deprived Tompkins of his right to due process," in violation of his federal constitutional rights.

(Second Amended Petition for Writ of Habeas Corpus (ECF No. 21).)

On August 18, 2017, respondents filed a motion to dismiss (ECF No. 30), arguing that Tompkins' petition is barred by the statute of limitations, that none of Tompkins' claims have been exhausted in state court, and that Ground 3 is barred by the procedural default doctrine. (*See* Motion to Dismiss (ECF No. 30).) Tompkins filed an opposition to the motion to dismiss on November 8, 2017 (ECF No. 36).

On November 21, 2017, Tompkins filed a declaration (ECF No. 39) stating that he abandons Ground 2(2) of his second amended petition, his claim that his trial counsel was ineffective for not properly investigating the case. The Court will, therefore, dismiss Ground 2(2) on the ground that Tompkins has abandoned that claim.

Respondents filed a reply to Tompkins' opposition to their motion to dismiss on December 15, 2017 (ECF No. 40). In their reply, respondents abandoned their arguments based on the statute of limitations. (*See* Reply in Support of Motion to Dismiss (ECF No. 40) at 1-2.)

| 1 | **III.** **DISCUSSION**

2 A federal court may not grant habeas corpus relief on a claim not exhausted in
3 state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of
4 federal-state comity, and is intended to allow state courts the initial opportunity to
5 correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To
6 exhaust a claim, a petitioner must fairly present the claim to the highest available state
7 court, and must give that court the opportunity to address and resolve it. *See Duncan v.*
8 *Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,
9 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner
10 describes the operative facts and legal theory upon which the claim is based. *See*
11 *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275;
12 *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

13 In Ground 1, Tompkins claims that his guilty plea was not entered into knowingly,
14 intelligently, or voluntarily, because he "did not understand the nature of the charge;"
15 because he "believed he had an insanity defense to the crime;" because of his
16 "cognitive impairments and his psychiatric and other illness(es);" because he "did not
17 understand that other plea options may have been available to him" under *North*
18 *Carolina v. Alford*, 400 U.S. 25 (1970); because he "did not understand that he still had
19 the right to appeal;" and because the "trial court's plea canvass was insufficient on
20 advising [him] of the rights he was waiving and the rights he was preserving by entering
21 into the plea agreement." (Second Amended Petition at 6-8.) In state court, on the other
22 hand, Tompkins asserted that his plea was not knowing, intelligent and voluntary for
23 only two reasons: because the trial court did not advise him of his right to appeal and
24 because the trial court did not advise him of the possibility of an *Alford* plea. (*See*
25 Petition for Writ of Habeas Corpus, Exh. 39 at 10, 12 (ECF No. 23-13 at 11, 13);
26 Appellant's Opening Brief, Exh. 69 at 4 (ECF No. 24-25 at 8).) To the extent of these
27 claims presented in state court, Tompkins' Ground 1 has been exhausted. Tompkins did
28 not, however, assert in state court that his plea was not knowing, intelligent and

voluntary for the other reasons he claims in Ground 1. Accordingly, the Court finds that Ground 1 is exhausted in part and unexhausted in part. Ground 1 is exhausted to the extent that Tompkins claims that his plea was not knowing, intelligent and voluntary because the trial court did not advise him of his right to appeal or the possibility of an *Alford* plea; the remainder of Ground 1 is unexhausted. The Court will require Tompkins to make an election—to abandon the unexhausted portion of Ground 1, or to move for a stay of this action while he exhausts the unexhausted portion of Ground 1 in state court. If Tompkins does not elect one of those options within the time allowed, this action will be dismissed in its entirety pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

In Ground 2(4), Tompkins claims that his trial counsel was ineffective because of a conflict of interest. (*See* Second Amended Petition at 13-14.) Tompkins asserted this claim in state court. (*See* Petition for Writ of Habeas Corpus, Exh. 39 at 8 (ECF No. 23-13 at 9); Appellant's Opening Brief, Exh. 69 at 3 (ECF No. 24-25 at 7).) Ground 2(4) is exhausted. Respondents' motion to dismiss will be denied with respect to Ground 2(4).

In Ground 2(1), Tompkins claims that his trial counsel was ineffective for failing to advise him of his right to appeal. (*See id.* at 9.) In Ground 2(3), Tompkins claims that his trial counsel was ineffective for failing to explain the nature and consequences of the guilty plea to him. (*See id.* at 11-13.) In Ground 2(5), Tompkins claims that his trial counsel was ineffective for failing to object to highly prejudicial victim impact evidence. (*See id.* at 14.) Tompkins did not assert these claims in state court. (*See* Petition for Writ of Habeas Corpus, Exh. 39 (ECF No. 23-13); Appellant's Opening Brief, Exh. 69 (ECF No. 24-25); *see also* Opposition to Motion to Dismiss at 16 (conceding these claims were not raised in state court).) However, any attempt to raise these claims in state court now, by means of a second state habeas petition, would be procedurally barred, as an untimely and successive petition. *See* NRS § 34.726, NRS 34.810. Grounds 2(1), 2(3) and 2(5), then, are subject to dismissal as procedurally defaulted, unless Tompkins can show cause and prejudice relative to the procedural default. *See*
///

*Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rules. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

Tompkins argues that ineffective assistance of counsel in his state habeas action was cause for his procedural default of these claims. (*See* Opposition to Motion to Dismiss at 16-23.) In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. The Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. at 8. Here, the Court determines that Tompkins' argument based on *Martinez* raises the question of the merits of Grounds 2(1), 2(3) and 2(5), and that, as a result, the matter of the procedural default of those claims will be better addressed after respondents file an answer, and Tompkins files a reply. The

Court will deny respondents' motion to dismiss as to Grounds 2(1), 2(3) and 2(5), without prejudice to respondents asserting their procedural default defense to these claims, along with their position on the merits of the claims, in their answer.

In Ground 3, Tompkins claims that improper victim impact evidence was admitted at his sentencing hearing, in violation of his federal constitutional rights. (*See* Second Amended Petition at 15.) Respondents argue that this claim was ruled procedurally defaulted in Tompkins' state habeas action, because such a claim cannot be raised in Nevada in a post-conviction petition for writ of habeas corpus. (*See* Order of Affirmance, Exh. 77 at 2 n.2 (ECF No. 24-33 at 3 n.2).) This amounted to an adequate and independent state ground for the Nevada Court of Appeals' ruling on this claim. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (procedural default doctrine applies where state court clearly relies on procedure rule, and, in the alternative, reaches the merits of claim); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir.1992) (same). Therefore, Ground 3, like Grounds 2(1), 2(3) and 2(5), is subject to dismissal as procedurally defaulted, unless Tompkins can show cause and prejudice. Tompkins argues that he can show cause and prejudice with respect to the procedural default of this claim on account of his counsel's failure to inform him that he had a right to appeal, which is essentially the claim made in Ground 2(1)). Here too, then, the Court determines that Tompkins' argument that he can show cause and prejudice relative to his procedural default of Ground 3 will be better addressed after respondents file an answer, and Tompkins files a reply. The Court will deny respondents' motion to dismiss Ground 3, without prejudice to respondents asserting their procedural default defense to that claim, along with their position on the merits of the claim, in their answer.

In Ground 4, Tompkins claims that the cumulative effect of the errors in his case deprived him of his right to due process in violation of his federal constitutional rights. This cumulative error claim is exhausted and not procedurally defaulted to the extent that Tompkins other claims are exhausted and not procedurally defaulted. Therefore, respondents' motion to dismiss will be denied relative to Ground 4.

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 30) is granted in part and denied in part. Ground 2(2) of petitioner's second amended petition for writ of habeas corpus is dismissed. With respect to the unexhausted claims in Ground 1 — all of Ground 1 except Tompkins' claims that that his plea was not knowing, intelligent and voluntary because the trial court did not advise him of his right to appeal or the possibility of an *Alford* plea — Tompkins will be required, within thirty (30) days from the date of this order, to file either a notice stating that he abandons those unexhausted claims or a motion for a stay of this action while he exhausts those claims in state court. If Tompkins takes neither of those actions within the time allowed, this action will be dismissed in its entirety pursuant to *Rose*, 455 U.S. 509. In all other respects, respondents' motion to dismiss is denied.

It is further ordered that, if petitioner abandons the unexhausted claims, respondents will have sixty (60) days from the filing of the notice of abandonment of those claims to file an answer, responding to all petitioner's remaining claims.

It is further ordered that, if petitioner files a motion for stay, respondents will have thirty (30) days to respond to that motion, and then petitioner will have twenty (20) days to file a reply.

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered September 20, 2016 (ECF No. 13), will remain in effect.

DATED THIS 8th day of March 2018.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE