UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALLIER WILLIAM TOMPKINS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BACA, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00444-MMD-WGC<br><br>ORDER |

**I.  INTRODUCTION**

This habeas corpus action, brought by Petitioner Vallier William Tompkins, is before the Court for resolution of the claims remaining in Tompkins's second amended habeas petition. The Court will deny Tompkins's habeas petition, will deny him a certificate of appealability, and will direct the Clerk of the Court to enter judgment accordingly.

**II.  BACKGROUND**

On July 3, 2012, Tompkins was charged by complaint in a Reno justice court with three counts of sexual assault, one count of battery with intent to commit sexual assault, and one count of burglary. (Criminal Complaint, Ex. 15 (ECF No. 22-15).) The justice court ordered a competency evaluation. (Order for Competency Evaluations, Ex. 16 (ECF No. 22-16).) Two competency evaluation reports concluded that Tompkins was competent to stand trial, and the state district court made a finding to that effect. (Competency Evaluation, Ex. 17 (ECF No. 22-17); Competency Evaluation, Ex. 19 (ECF No. 22-19); Order of Competency and Returning Matter to Justice Court, Ex. 21 (ECF No. 22-21).) Tompkins waived the preliminary hearing. (Waiver of Preliminary Examination, Ex. 24 (ECF No. 22-24).) On September 13, 2012, the State charged Tompkins by information with three counts of sexual assault. (Information, Ex. 23 (ECF No. 22-23).)

Tompkins was arraigned on September 20, 2012, and he pled guilty to each of the three sexual assault charges. (Transcript of Arraignment, Ex. 25 (ECF No. 22-25); *see also* Guilty Plea Memorandum, Ex. 26 (ECF No. 22-26).) On October 25, 2012, the court sentenced Tompkins to three consecutive terms of ten years to life in prison (with the first term running concurrent with a sentence imposed in a separate case). (Transcript of Sentencing, Ex. 30 (ECF No. 23-4).) The judgment of conviction was filed on October 30, 2012. (Judgment, Ex. 31 (ECF No. 23-5).) Tompkins did not appeal from the judgment of conviction.

On July 11, 2013, Tompkins filed a petition for writ of habeas corpus in the state district court. (Petition for Writ of Habeas Corpus, Ex. 39 (ECF No. 23-13).) The court appointed counsel for Tompkins. (*See* Order Granting *in Forma Pauperis* and Appointment of Counsel, Ex. 41 (ECF No. 23-15); Recommendation and Order for Appointment of Counsel, Ex. 42 (ECF No. 23-16).) On May 27, 2015, the state district court granted the State's motion to dismiss, and dismissed the petition, determining that the record showed each of Tompkins' claims to be meritless. (Order Dismissing Petition for Writ of Habeas Corpus, Ex. 63 (ECF No. 24-19).) Tompkins appealed, and the Nevada Court of Appeals affirmed on February 17, 2016. (Order of Affirmance, Ex. 77 (ECF No. 24-33).) The remittitur issued on March 15, 2016. (*See* Remittitur, Ex. 78 (ECF No. 24-34).)

This Court received a *pro se* petition for writ of habeas corpus from Tompkins, initiating this action, on July 26, 2016 (ECF No. 4). The Court appointed counsel, and, with counsel, Tompkins filed a first amended habeas petition on August 3, 2016. (Order entered July 27, 2016 (ECF No. 3); First Amended Petition for Writ of Habeas Corpus (ECF No. 7).)

On June 19, 2017, Tompkins filed a second amended petition for writ of habeas corpus—now his operative petition—asserting the following claims:

> Ground 1: "Tompkins' guilty plea was not entered into knowingly, intelligently, or voluntarily," in violation of his federal constitutional rights.

> Ground 2: "Tompkins was denied his right to the effective assistance of counsel," in violation of his federal constitutional rights.
>
>> Ground 2(1): "Trial counsel failed to advise Tompkins of his right to appeal."
>>
>> Ground 2(2): "Trial counsel failed to adequately investigate."
>>
>> Ground 2(3): "Trial counsel failed to explain the nature and consequences of the guilty plea to Tompkins."
>>
>> Ground 2(4): "Trial counsel had a conflict of interest in representing Tompkins."
>>
>> Ground 2(5): "Trial counsel failed to object to highly prejudicial victim impact evidence."
>
> Ground 3: "Improper victim impact evidence was admitted against Tompkins at his sentencing hearing," in violation of his federal constitutional rights.
>
> Ground 4: "The cumulative effect of the errors in this case deprived Tompkins of his right to due process," in violation of his federal constitutional rights.

(Second Amended Petition for Writ of Habeas Corpus (ECF No. 21).)

On August 18, 2017, Respondents filed a motion to dismiss (ECF No. 30). Tompkins filed an opposition to the motion to dismiss on November 8, 2017 (ECF No. 36). On November 21, 2017, Tompkins filed a declaration (ECF No. 39) stating that he abandons Ground 2(2) of his second amended petition—his claim that his trial counsel was ineffective for not properly investigating the case. Respondents filed a reply in support of the motion to dismiss on December 15, 2017 (ECF No. 40). The Court ruled on the motion to dismiss on March 8, 2018 (ECF No. 41). The Court dismissed Ground 2(2). With respect to the part of Ground 1 found to be unexhausted—all of Ground 1 except Tompkins's claims that that his plea was not knowing, intelligent, and voluntary because the trial court did not advise him of his right to appeal or the possibility of a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970)—the Court required Tompkins to file either a notice stating that he abandons the unexhausted claims or a motion for a stay while he exhausts the claims in state court. In all other respects, the Court denied the motion to dismiss.

///

On April 30, 2018, Tompkins filed a notice stating that he abandons the unexhausted portion of Ground 1 (ECF Nos.44, 45).

On August 9, 2018, Respondents filed an answer (ECF No. 48), responding to Tompkins's remaining claims. On November 19, 2018, Tompkins filed a reply to the answer (ECF No. 51).

## III. DISCUSSION

### A. Standard of Review

28 U.S.C. § 2254(d) sets forth the standard of review generally applicable in habeas corpus cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S.

4

at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing standard as "a difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

### B. Ground 1

In Ground 1, Tompkins claims that, in violation of his federal constitutional rights, his guilty plea was not entered into knowingly, intelligently and voluntarily. (*See* Second Amended Petition (ECF No. 21) at 6-8.) In the order entered March 8, 2018, resolving the motion to dismiss, the Court found that Ground 1 is unexhausted in state court, except for the claims that Tompkins's plea was not knowing, intelligent, and voluntary because the trial court did not advise him of his right to appeal or the possibility of a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970). (*See* Order entered March 8, 2018 (ECF No. 41) at 4-5.) Tompkins subsequently abandoned the unexhausted parts of Ground 1. (Notice to Court of Petitioner's Formal Declaration of Abandonment (ECF No. 44); Petitioner's Declaration of Abandonment (ECF No. 45).)

In Tompkins's state habeas action, the district court denied Tompkins relief, ruling as follows on these claims:

> The Petition argues the Court did not advise the Petitioner of his right to appeal, and he did not knowingly intelligently, or voluntarily waive his right

to appeal. The Petitioner executed a guilty plea memorandum ("the Plea Memorandum") on September 21, 2012, in which the Petitioner affirmed that he offered his plea freely, voluntarily and knowingly. The Plea Memorandum also included the agreement the Petitioner understood he had the right to appeal from adverse rulings on pretrial motions only if the State and the Court consented to that right to appeal. This demonstrates the Petitioner was advised of his appeal rights prior to sentencing.

NRS 177.075(2) provides when a court imposes sentence upon a defendant who has not pleaded guilty and is without counsel the court shall advise the defendant of his right to appeal. NRS 177.075(2) has no application to the present case because the Petitioner plead guilty and was represented by counsel during the plea negotiations. It is the duty of counsel in certain, not all, circumstances to advise a defendant who pleads guilty to the right of appeal. *Thomas v. State*, [979 P.2d 222, 223-24 (Nev. 1999)]. The Petition does not contend this is an ineffective assistance of counsel claim.

The Petition cites no statutory or case authorities in Nevada that obligate a court to inform an individual who pleads guilty to his right to appeal during sentencing. The Opposition also did not provide any authority in support or explanation of the argument. The Court need not consider an issue which is not meaningfully briefed. *Badillo v. Am. Brands*, [16 P.3d 435, 440 (Nev. 2001)]; *see also*, DCR 13(3); *Edwards v. Emperor's Gardens Rest.*, [130 P.3d 1280, 1288 n.38 (Nev. 2006)] (declining to consider claims not cogently argued or supported with relevant authority).

* * *

The Petitioner pleaded guilty. There is no reason in the record as to why the Petitioner should have been canvassed regarding the meaning of the *Alford* Plea. The Opposition did not provide information or argument why the Petitioner should have been canvassed about the *Alford* Plea. As discussed above, the Court need not consider an issue which is not meaningfully briefed. *Badillo*, [16 P.3d at 440].

(Order Dismissing Petition for Writ of Habeas Corpus, Ex. 63 at 5-6 (ECF No. 24-19 at 6-7).) And, on Tompkins's appeal in that case, the Nevada Court of Appeals ruled as follows:

In his petition, Tompkins alleged his counsel was ineffective for failing to permit him to testify before the justice court because he could have pursued an insanity defense based upon being awake for 20 straight days and for having a conflict of interest because a parent of the victim allegedly worked at the public defender's office. Tompkins also alleged he was not advised of his right to pursue a direct appeal, the district court erred by considering prejudicial letters from the victims in this matter, and his guilty plea was not entered knowingly and voluntarily because the meaning of an *Alford* plea was not explained to him. [Footnote: *North Carolina v. Alford*, 400 U.S. 25 (1970).] Tompkins also asserted the guilty plea agreement did not contain a certificate of counsel as required by NRS 174.063.

Here, the district court reviewed the parties' pleadings and made the following findings: Tompkins waived his right to a preliminary hearing, and

therefore, Tompkins' claim regarding testifying at that hearing was belied by the record. The victim's family member actually worked for the Washoe County District Attorney's Office, not the public defender's office, and therefore, Tompkins' claim regarding a conflict of interest was belied by the record. Tompkins was advised of his right to pursue a direct appeal and Tompkins did not demonstrate any further duty existed to inform him regarding an appeal. NRS 176.015(3) permitted the district court to consider the victim impact letters during the sentencing hearing. [Footnote: We also note Tompkins' claim regarding the district court's consideration of victim impact letters at the sentencing hearing is not properly raised in a postconviction petition for a writ of habeas corpus stemming from a guilty plea. *See* NRS 34.810(1)(a). Nevertheless, the district court properly denied relief for this claim. *See Wyatt v. State*, [468 P.2d 338, 341 (Nev. 1970).] Tompkins entered a standard guilty plea, and Tompkins did not demonstrate there was any duty to explain an *Alford* plea to him. Tompkins did not demonstrate manifest injustice sufficient to warrant setting aside his guilty plea. Based on those findings, the district court concluded all of Tompkins' claims were either belied by the record or were not supported by sufficient specific facts which would entitle Tompkins to relief if true. Accordingly, the district court declined to conduct an evidentiary hearing and dismissed the petition. *See Rubio*, [194 P.3d at 1233-34 & n.53].

On appeal, Tompkins lists the claims he raised below and the conclusions of the district court. However, [Tompkins] does not identify any errors he believes the district court made in its conclusions. *See Maresca v. State*, [748 P.2d 3, 6 (Nev. 1987)] (explaining it is the appellant's responsibility to present relevant authority and cogent argument). Our review reveals the record supports the district court's decision to dismiss the petition without conducting an evidentiary hearing and Tompkins has not demonstrated the district court abused its discretion in this regard.

(Order of Affirmance, Ex. 77 at 1-3 (ECF No. 24-33 at 2-4).)

This Court determines that the remaining claims in Ground 1 are meritless, and that the state court's denial of relief on the claims was reasonable. The federal constitutional guarantee of due process of law requires that a guilty plea be knowing, intelligent, and voluntary. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749. Those circumstances include "the subjective state of mind of the defendant . . . ." *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). Addressing the "standard as to the voluntariness of guilty pleas," the Supreme Court has stated:

> (A) plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or

> promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes).

*Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds*, 356 U.S. 26 (1958)); *see also Alford*, 400 U.S. at 31 (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

In *Blackledge v. Allison*, the Supreme Court addressed the evidentiary weight of the record of a plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." 431 U.S. 63, 74 (1977); *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *Little v. Crawford*, 449 F.3d 1075, 1081 (9th Cir. 2006).

Here, the Nevada appellate court accurately noted that Tompkins was in fact informed of his right to appeal. (Guilty Plea Memorandum, Ex. 26 at 3 (ECF No. 23 at 4); *see also id.* at 6 (ECF No. 23 at 7) ("My attorney has advised me that if I wish to appeal, any appeal, if applicable to my case, must be filed within thirty days of my sentence and/or judgment.").) And, the state court reasonably determined that, under the circumstances, there was no requirement that Tompkins be notified of the nature of an *Alford* plea. Furthermore, Tompkins has not shown that notification regarding the right to appeal and the nature of an *Alford* plea had any bearing on the knowing, intelligent, and voluntary character of his guilty plea. The state court's ruling on this claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, and was not based on an unreasonable determination of the facts in light

///

1  of the evidence. *See* 28 U.S.C. § 2254(d). The Court will deny Tompkins habeas corpus
2  relief with respect to Ground 1.

### C. Ground 2

In Ground 2, Tompkins claims that, in violation of his federal constitutional rights, he was denied his right to the effective assistance of counsel. (Second Amended Petition (ECF No. 21) at 8-14.) There are four sub-claims remaining in Ground 2. In Ground 2(1), Tompkins claims that his trial counsel failed to advise him of his right to appeal. (*Id.* at 9.) In Ground 2(3), Tompkins claims that his trial counsel failed to explain to him the nature and consequences of the guilty plea. (*Id.* at 11-13.) In Ground 2(4), Tompkins claims that his trial counsel had a conflict of interest in representing him. (*Id.* at 13-14.) And, in Ground 2(5), Tompkins claims that his trial counsel failed to object to highly prejudicial victim impact evidence. (*Id.* at 14.)

Tompkins raised these remaining claims on the appeal in his state habeas action, and the Nevada Court of Appeals affirmed the denial of relief on the claims. (ECF No. 24-33 at 2-4 (Order of Affirmance) (relevant portion quoted in full, above).) The Court finds that the ruling of the Nevada Court of Appeals was reasonable.

In *Strickland v. Washington*, the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984). A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. And, to establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on

the outcome of the proceeding." *Id.* at 693. When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires the petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In analyzing a claim of ineffective assistance of counsel under *Strickland*, a court may first consider either the question of deficient performance or the question of prejudice; if the petitioner fails to satisfy one element of the claim, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

Regarding Ground 2(1), again, the Nevada courts accurately determined that Tompkins was in fact informed of his right to appeal. (Guilty Plea Memorandum, Ex. 26 at 3 (ECF No. 23 at 4); *see also id.* at 6 (ECF No. 23 at 7) ("My attorney has advised me that if I wish to appeal, any appeal, if applicable to my case, must be filed within thirty days of my sentence and/or judgment.").) Moreover, Tompkins has not identified, with any specificity, any meritorious issue that he would have raised on a direct appeal following his guilty plea and the entry of the criminal judgment. (Reply (ECF No. 51) at 5-9.)

Regarding Ground 2(4), the Nevada court reasonably determined that Tompkins's trial counsel did not have a conflict of interest. The most Tompkins shows in this regard is that his counsel "knew" the victim's father, who was apparently an employee of the district attorney; it was not unreasonable for the state court to conclude that this fell short of establishing a conflict of interest resulting in ineffective assistance of counsel.

Regarding Ground 2(5), as is discussed below with respect to Ground 3, the state appellate court determined that the admission of victim impact evidence at Tompkins's sentencing did not violate state law, and Tompkins has made no showing that it violated his federal constitutional rights; therefore, Tompkins's counsel was not ineffective for not objecting to the admission of that evidence, and Tompkins was not prejudiced by his counsel not objecting.

///

1 | Ground 2(3) is a general claim that "[t]rial counsel failed to explain the nature and consequences of the guilty plea to Tompkins." (Second Amended Petition (ECF No. 21) at 11-13.) Considering the plea agreement (ECF No. 11), the transcript of the arraignment and change of plea (ECF No. 10), the transcript of the sentencing (ECF No. 12), and all the other exhibits in this case, and as stated elsewhere in this order regarding Tompkins's more specific claims, the Court determines that the Nevada Court of Appeals was not unreasonable in ruling that Tompkins's trial counsel was not ineffective with respect to explaining the guilty plea to Tompkins, and that Tompkins's guilty pleas was, as a result, knowing, intelligent, and voluntary.

This Court, then, finds that the Nevada appellate court's rulings on Tompkins's ineffective assistance of counsel claims were not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, and were not based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). The Court will deny Tompkins habeas corpus relief with respect to Grounds 2(1), 2(3), 2(4) and 2(5).

**D.    Ground 3**

In Ground 3, Tompkins claims that improper victim impact evidence was admitted at his sentencing hearing, in violation of his federal constitutional rights. (Second Amended Petition (ECF No. 21) at 15.)

On the appeal in Tompkins's state habeas action, the Nevada Court of Appeals ruled that "NRS 176.015(3) permitted the district court to consider the victim impact letters during the sentencing hearing." (ECF No. 24-33 at 2 (Order of Affirmance).)

To the extent that the Nevada Court of Appeals ruled that Nevada law allowed the admission of the victim impact evidence, that ruling is a state court's construction of state law, is authoritative, and is not subject to review in this federal habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995). Beyond that, the admission of evidence in a criminal case does not provide a basis for habeas relief unless it rendered the proceeding fundamentally unfair in violation

of the petitioner's right to due process of law. *See Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (citing *Estelle*, 502 U.S. at 67). Federal courts review such alleged due process violations for whether the admission of evidence "so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72. A habeas petitioner "bears a heavy burden in showing a due process violation based on an evidentiary decision." *Boyde v. Brown*, 404 F.3d 1159, 1172 (9th Cir.), *as amended on reh'g*, 421 F.3d 1154 (9th Cir. 2005). The Nevada Court of Appeals did not discuss Tompkins's claim that the admission of the victim impact evidence violated his federal constitutional rights, but it plainly was not unreasonable for that court to determine that it did not.

The state court's ruling on this claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, and was not based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). The Court will deny Tompkins habeas corpus relief with respect to Ground 3.

### E. Ground 4

Finally, in Ground 4, Tompkins claims that the cumulative effect of the errors in his case deprived him of his federal constitutional right to due process of law. (Second Amended Petition (ECF No. 21) at 15-16.) As is discussed above, the Court finds no error; therefore, there are not multiple errors to consider cumulatively, and Ground 4 fails. The Court will deny Tompkins habeas corpus relief on Ground 4.

## IV. CERTIFICATE OF APPEALABILITY

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

1 | *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Applying this standard, the Court finds that a certificate of appealability is unwarranted in this case. The Court will deny Tompkins a certificate of appealability.

## V.    CONCLUSION

It is therefore ordered that the Second Amended Petition for Writ of Habeas Corpus (ECF No. 21) is denied.

It is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 20th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE